UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TROY PHILIPS,

                Plaintiff,

    -against-

VALHALLA COUNTY JAIL; VALHALLA
COUNTY JAIL STAFF; GEORGE
LONGWORTH; KEVIN CHEVERKO,

                Defendants.

19-CV-2019 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

Plaintiff, currently incarcerated in Coxsackie Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that, while he was detained in the Westchester County Jail, Defendants violated his constitutional rights. By order dated April 24, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest,"

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.  Valhalla County Jail and Valhalla County Jail Staff

Plaintiff indicates in his complaint that he was detained in a facility located at 10 Woods Road, Valhalla, New York. This is the address of the Westchester County Jail, and the Court therefore construes Plaintiff's allegations as asserting claims against staff at the Westchester County Jail.

Plaintiff's claims against the Jail and Jail Staff, however, must be dismissed. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. Valhalla County Jail and Valhalla County Jail Staff are not "persons" within the meaning of § 1983. *See generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of § 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of § 1983). Therefore, Plaintiff's claims against Valhalla County Jail and Valhalla County Jail Staff are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

---

[2] Plaintiff may have meant to sue the County of Westchester, but he does not allege facts suggesting a policy or custom that might render the County liable for the alleged constitutional violations of its employees. *See Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) ("[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the

**B.      Rule 21 of the Federal Rules of Civil Procedure**

Plaintiff asserts that during the winter of 2016 and in 2017, correction officers at the

Westchester County Jail used excessive force against him; denied him adequate medical care;

placed him in cells the conditions of which violated his constitutional rights; and sexually

harassed him. The Clerk of Court is therefore directed, under Rule 21 of the Federal Rules of

Civil Procedure, to amend the caption of this action to add John/Jane Doe 1 - 10 as Defendants.

This amendment is without prejudice to any defenses that these Defendants may wish to assert.

**C.      John/Jane Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court

in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies

information that is likely sufficient to permit the Westchester County Jail to identify the

individuals involved in the alleged deprivation of Plaintiff's rights during the winter of 2016 and

in 2017. It is therefore ordered that the Westchester County Attorney's Office, which is the

attorney for and agent of the Westchester County Jail, ascertain the identity and badge number of

each John/Jane Doe Defendant whom Plaintiff seeks to sue here and the addresses where these

Defendants may be served. The Westchester County Attorney's Office must provide this

information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint

naming the John/Jane Doe Defendants. The amended complaint will replace, not supplement, the

original complaint. An amended complaint form that Plaintiff should complete is attached to this

order. Once Plaintiff has filed an amended complaint, the Court will screen the amended

---

plaintiff to be subjected to (3) a denial of a constitutional right.") (internal quotation marks
omitted) (alteration in original).

complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John/Jane Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**D.     Service on County Sheriff George Longworth and Commissioner of Corrections Kevin Cheverko**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013) (citing 28 U.S.C. § 1915(d)); § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of the summons and complaint to be completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service. *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). *But see Murray v. Pataki*, 378 F. App'x 50, 51-52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants County Sheriff George Longworth and Commissioner of Corrections Kevin Cheverko through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon each Defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**E.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires Defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is directed to add John/Jane Doe 1 – 10 as Defendants under Fed. R. Civ. P. 21, and to terminate Valhalla County Jail and Valhalla County Jail Staff as Defendants.

The Clerk of Court is further instructed to issue summonses and complete the USM-285 forms with the addresses for County Sheriff George Longworth and Commissioner of

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

Corrections Kevin Cheverko and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to Westchester County Attorney's Office at: 148 Martine Avenue, White Plains, New York 10601.

An "Amended Complaint" form is attached to this order.

Local Civil Rule 33.2 applies to this action.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: 4/30/19
White Plains, New York

CATHY SEIBEL
United States District Judge

6

## DEFENDANTS AND SERVICE ADDRESSES

1.  County Sheriff George Longworth
    Westchester County Jail
    10 Woods Road
    Valhalla, New York 10595

2.  Commissioner of Corrections Kevin Cheverko
    Westchester County Jail
    10 Woods Road
    Valhalla, New York 10595

## United States District Court
## Southern District of New York

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

### AMENDED
### COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                   Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                                    State                    Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                                    State                    Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                                    State                    Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                                    State                    Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| _____ | _____ |
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| _____ | _____ | _____ |
| First Name | Middle Initial | Last Name |

_____
Prison Address

| | | |
|---|---|---|
| _____ | _____ | _____ |
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing:  _____